ANNA L. GREER, Appellant, *v.* THOMAS H. GREER
and Others, Respondents; BARRINGTON LODGE and
Another, Executors of WILLIAM B. SCOTT, Deceased,
Appellants.

*Evidence as to a personal transaction with a person, since deceased, as to his having been
present — privileged communication to an attorney — stipulation as to objections.*

To state the names of the persons in a room at a certain time is not testimony
concerning a personal transaction between the witness and one of them, and such
testimony is admissible, although the witness may be interested in the action and
one of the parties who was in the room has died before the trial.

The testimony of an attorney that he drew a deed for one Scott and took his
acknowledgment, and that the description in the deed embraced a certain parcel
of land, is not a privileged communication where it appears that the deed was
drawn, executed and acknowledged in the presence of the grantee.

A stipulation "that all objections and exceptions to evidence be considered as
taken by all the parties whose interests are antagonistic to that of the party
offering the ·evidence, and that all available objections, under sections 829
and 835, were taken, and when overruled, that exceptions were taken," is not
available on an appeal.

Appeal by the plaintiff Anna L. Greer, and also by the defendants Barrington Lodge and William W. Crannell, as executors of the last will and testament of William B. Scott, deceased, from so much and such parts of a judgment of the Supreme Court, entered in the office of the clerk of Albany county on the 7th day of February, 1890, as decreed:

XII. That said parcels of land secondly and thirdly described in the complaint herein were conveyed by said William B. Scott to said defendant Thomas H. Greer, by deed dated November 21, 1885, duly executed and acknowledged on that day and delivered to said Greer, and at the time of the death of said Scott he had no title thereto or interest therein; nor had the plaintiff any title thereto either as tenant in common with said Thomas H. Greer, or otherwise, or any interest therein, other than an inchoate right of dower, as the wife of said defendant Thomas H. Greer, at the time of the commencement of this action.

XIII. That the complaint herein be and the same hereby is dismissed as to the second and third pieces or parcels of land described

therein, and that the defendant Thomas H. Greer recover of the plaintiff Anna L. Greer the sum of $      as his costs and disbursements herein.

William B. Scott, the father of the plaintiff, had been the owner of the two parcels. He died in February, 1887. By his will he devised all his real estate to the plaintiff and .to her husband, the defendant Thomas H. Greer, as tenants in common. The plaintiff brought this action to partition the lands so devised, alleging that the two parcels were included. The defendant Thomas H. Greer answered claiming to be the sole owner of the two parcels. Upon the trial he introduced testimony tending to show that the testator William B. Scott, on the 21st of November, 1885, conveyed the same to him by deed; that the deed was delivered to him and placed in his safe, and was not recorded; that Scott had access to his safe; that the deed was abstracted therefrom or lost or destroyed. The referee decided that he was the sole owner of the two parcels:

*Alden Chester*, for the plaintiff, appellant.

*W. Frothingham*, for the executors, appellants.

*D. C. Herrick*, for the respondents.

LANDON, J.:

We think this judgment should be affirmed upon the facts, unless alleged errors in the admission of incompetent evidence materially affecting the issue require a reversal.

It was an important question upon the trial whether a deed which, it was shown by. evidence satisfactory to the referee, embraced the two parcels in question, and was executed and acknowledged by Scott on the 21st day of November, 1885, was delivered to the defendant by Scott. It was shown that on that day Scott and Greer were together in the office of Mr. Frothingham, who with Mr. Crannell was also present. A judgment for $23,400 had been recovered against Scott in an action in the Supreme Court, and Mr. Frothingham was his counsel with respect to an appeal. Greer was to become one of the sureties upon the undertaking upon appeal. The undertaking was then executed by Greer. Mr. Crannell, who was an attorney and notary public, taking Greer's acknowl-

edgment. At the same time Crannell, at the request of Scott, drew the deed of the two parcels of land in question and Scott executed it and Crannell took his acknowledgment. Greer's claim was that Scott did this in order to enable Greer to justify as one of his sureties upon the undertaking. Greer had previously owned the two parcels of land, and in 1883 had conveyed them to Scott. The defendant Greer was permitted to testify substantially as follows: I was present when the acknowledgment was taken; Scott, Crannell and Frothingham were present when I got possession of the paper (deed); I got possession of it immediately after it was acknowledged; I took it home; had it in my safe.

It is important to ascertain how much of this testimony was objected to. There is a statement in the case in these words: "It is stipulated that all objections and exceptions to evidence be considered as taken by all the parties whose interests are antagonistic to that of the party offering the evidence, and that all available objections under sections 829 and 835 were taken, and, when overruled that exceptions were taken." We do not think that that stipulation is available for any purpose on this hearing. In *Briggs* v. *Waldron* (83 N. Y., 582) there was a statement by defendant's counsel in these words: "We will have it understood that an exception follows every objection on this trial," and this was not dissented from. Yet the court held that this simply entitled the defendant, on the settlement of the case, to have exceptions entered to such rulings as he might desire to have reviewed. And the court said: "If it went further and was intended to govern the action of the appellate tribunals and require them to review rulings to which no exception was entered in the case, we cannot give effect to it. The provisions of law which require a party desiring to review rulings upon a trial to take exceptions in proper form are established for the convenience of the courts as well as for the protection of the parties; and the latter cannot by stipulation have their cases heard on appeal without regard to those provisions."

The same doctrine is asserted in *People* v. *Buddensieck* (103 N. Y., at page 501). The rule is more forcibly applicable in this case where the parties have endeavored to stipulate away the need of objections as well as of exceptions. We do not think that can be done. We are to review rulings alleged to be erroneous; and a ruling upon evidence

can only be made upon an objection. If evidence was not objected to when offered, then it came in by consent. If no objection was made, then the learned referee's attention was not called to the question of its admissibility, and, therefore, no error was made; and we are not bound to examine questions which might have been properly decided if they had been raised in the court below. To stipulate that objections and exceptions may now be "considered as taken" is an attempt to create errors which never existed on the trial; and we shall give no effect to any such stipulation. It is enough for us to review actual decisions upon objections to evidence duly excepted to. Applying this rule, then, the case shows that nothing was objected to except the names of the persons present when he got the paper; no other specific objection was taken. He did not say that he got it from Scott, deceased, or that Scott delivered it to him, or that Scott knew of his getting it. No inference is to be drawn that Scott delivered it, any more than might have been drawn from the mere fact that Greer had it in his possession; and this had been proved without objection.

If he had said that no one but Scott was present, another phase would exist. But the fact that three persons were present, one of whom was Scott, does not show a transaction with Scott. Whether or not Greer took it stealthily and without the knowledge of any one is not shown. The paper could not be found, and it was necessary to prove its contents. And to permit this it was necessary to show that it had once been in Greer's hands and that he had searched for it in vain. He might, as was said in *Simmons* v. *Havens* (101 N. Y., 427), have received it from some other person; from Crannell or from Frothingham, or he might have taken it without delivery by anyone. If he took it without Scott's consent, then there was no transaction between Scott and Greer. To state the names of the persons in a room at a certain time cannot be called testimony concerning a personal transaction between two of them; suppose there had been fifty persons in the room. We think the testimony was properly admitted.

The appellant insists that the testimony of Crannell to the effect that upon the request of Scott he drew the deed and took his acknowledgment of it, and that the description in the deed embraced the two parcels, was incompetent because in violation of section 835

of the Code of Civil Procedure, prohibiting an attorney from disclosing any communication made to him by his client in the course of his professional employment. The deed was drawn, executed and acknowledged in the presence of the defendant Greer. Greer was a party to the deed. Such a transaction is not privileged. (*Whiting* v. *Barney*, 30 N. Y., 330; *Hebbard* v. *Haughian*, 70 id., 54.) Besides, the only material matter involved was whether at the end of the whole transaction a deed from Scott to Greer existed, and if so, what were its contents. If the deed had not been lost it would speak for itself. Being lost, its existence and contents could be proved by any witness who had read the deed.

Upon defendant's theory it was his property when lost, and what he sought by Crannell's testimony was a description of his lost property. The witness was a reluctant one, and by his method of testifying seemed to succeed in raising the issue of a violation of privilege. But it was a false issue.

The judgment must be affirmed, with costs.

LEARNED, P. J., concurred; MAYHAM, J., not acting.

Judgment affirmed, with costs.