MARTIN C. VAN ALSTYNE, Respondent, *v.* CHRISTOPHER SMITH, Individually and as Administrator, etc., of WILLIAM H. SMITH, Deceased, Appellant, Impleaded with Others.

*Attorney and client — testimony of the attorney, when not incompetent under Code of Civil Procedure,* § 835 *— assumption of a mortgage by a grantee of mortgaged premises — fraud in reducing a contract to writing — parol proof admissible.*

Upon the trial of an action brought to foreclose a mortgage, a deficiency judgment was demanded against the grantees of the mortgagor, who had agreed, in the conveyance to them of the mortgaged premises, to assume and pay the mortgage; the defense was interposed that such clause was fraudulently inserted in such deed without the knowledge of the grantees.

*Held,* that the testimony of the attorney who drew the deed as to the instructions given him when the instrument was prepared was not incompetent under the provisions of section 835 of the Code of Civil Procedure.

Whether a clause by which the grantees named in a deed agreed to assume and pay a mortgage upon the premises thereby conveyed was properly inserted therein, depends upon the oral contract, actually made between the parties, attempted to be reduced to writing in the deed.

On questions of fraud in the reducing of a contract to writing, the whole of it is open to parol proof, and the court will disregard the writing, and treat the whole transaction as a verbal contract.

APPEAL by the defendant, Christopher Smith, individually and as administrator of William H. Smith, deceased, from that portion of a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Columbia on the 1st day of August, 1894, upon the report of a referee, charging the appellant with a deficiency judgment arising upon the sale of the mortgaged premises described in the complaint, and refusing to set aside that portion of the report of the referee charging the appellant with such deficiency judgment.

*E. R. Harder,* for the appellant.

*C. S. Collier* and *A. Frank B. Chace,* for the respondent.

PUTNAM, J.:

The action was brought for the foreclosure of a mortgage dated January 24, 1871, made by Anne E. Moore to plaintiff to secure the payment of the sum of $4,650, with interest. After the execution of the mortgage Anne E. Moore conveyed the mortgaged premises to Christopher Smith and William H. Smith, brothers, the amount of the mortgage being deducted from the purchase price agreed to be paid said grantor, and said deed containing the following clause immediately after the warranty therein: " Except a certain indenture of mortgage given to secure the payment of $4,650, which mortgage the said parties of the second part hereby assume to pay as a part of the purchase money of this conveyance, and the principal sum thereof, with the interest, is to be deducted therefrom." When this action was commenced William H. Smith had died, Christopher Smith being his only heir and administrator. The latter was made defendant in person and as administrator, and the

usual judgment for a deficiency was asked for against him. He interposed an answer, alleging that the above-quoted clause was inserted in the deed without his knowledge or consent. That no contract or agreement was ever made between him and his brother and Anne E. Moore for the assumption by them in the deed of the payment of the mortgage. That said provision was fraudulently inserted in the deed, and his first knowledge thereof was when this action was commenced.

The issues raised by the pleadings were tried before a referee, who found in favor of the plaintiff, and judgment was entered for the foreclosure of the mortgage, the sale of the mortgaged premises, and against the defendant, Christopher Smith, individually and as administrator, for the deficiency, if any, on the sale. From said judgment the defendant Smith appeals.

We think the evidence on the trial sufficient to sustain the conclusions reached by the learned referee on the questions of fact submitted to him. We are unable to believe that his finding that the assumption clause in the deed was inserted therein with the consent of defendant, Christopher Smith, and his brother, was erroneous. This provision was written in the deed which the Smith brothers had accepted, put on record, and under which they had held the title of the land in question for many years. The amount of the mortgage debt was deducted from the purchase price paid by the Smiths to Anne E. Moore. The presumption created by these admitted facts, with the testimony of the witness Silvernail, who drew the deed, and of Moore, who made the contract with the Smith brothers, we think justified the conclusion reached by the referee.

We should, hence, be of the opinion that his findings could not, under the evidence, be disturbed, and that the judgment rendered on his report should be affirmed, were it not for some rulings on the trial which, we think, were erroneous.

The referee did not err in overruling the defendant's objections to the testimony of the witness Silvernail, the attorney who drew the deed, as to the instructions given him when the instrument was prepared. Such evidence was not incompetent under the provisions of section 835 of the Code of Civil Procedure. (*Hebbard* v. *Haughian et al.,* 70 N. Y. 54; *Root* v. *Wright,* 84 id. 72; *Greer* v. *Greer,* 58 Hun, 251.)

There were other rulings of the referee, however, sustaining objections to questions asked by defendant to witnesses upon the trial that, we think, were erroneous.

The defendant, Smith, in his answer claimed that the clause in the deed from Anne E. Moore to him and his brother above quoted was fraudulently inserted therein without his knowledge or consent and not in pursuance of any contract or agreement between the parties, and that he first learned of its insertion in the deed when this action was commenced. If, on the trial, he could have maintained the truth of the allegations he would have been entitled to succeed in the action. (*DeyErmand* v. *Chamberlin*, 88 N. Y. 658; *Kilmer* v. *Smith et al.*, 77 id. 226.)

Whether the assumption clause was properly inserted in the deed or not depended upon the oral contract actually made between the parties attempted to be reduced to writing in the deed. If it were in fact agreed that the grantees should personally assume the payment of the mortgage, then a provision to that effect was properly put in the deed. But if no such agreement was made, then the insertion in the deed of such a provision was fraud on defendant unless at the time of the execution thereof he knew of such insertion and consented thereto.

It is well settled that, on questions of fraud in the reducing of a contract to writing, the whole of it is open to parol proof, the court disregarding the writing and treating the whole transaction as a verbal contract. (*Phyfe* v. *Wardell*, 2 Edw. Ch. 47; *Rosboro* v. *Peck*, 48 Barb. 92; *Koop* v. *Handy*, 41 id. 454.)

Here defendant claimed that a provision in the deed which he did not know of until this action was commenced was inserted therein fraudulently and was not called for by the actual agreement of the parties. On the issues raised by his answer it is clear that he should have been allowed to show just what the verbal contract was between the parties; all that was said between them prior to the execution of the deed. The question was whether the verbal contract was carried out in the deed, and, hence, what the verbal contract was.

The following question was asked by defendant of the witness McDowell, viz.: "Q. What was said between yourself and John H.

Moore and his wife, Anne E. Moore, about buying that hotel property on behalf of the Smiths on or about November, 1874 ? " This question was objected to by the plaintiff and the objection sustained. McDowell, as agent of the Smith brothers, made the bargain with Anne E. Moore and her husband. The defendant, by the question, sought in the proper way to show what the verbal contract was, and, we think, was entitled to an answer to the question.

On the cross-examination of John H. Moore, a witness called by the plaintiff, and who acted for Anne E. Moore in making the bargain with McDowell and the Smith brothers for the sale of the premises to the latter, he was asked the following question : " Q. Will you swear that there was anything said in any of your negotiations for the sale of this property, either with McDowell or either of the Smiths, about putting a clause in the deed requiring the defendants Smith to assume and pay this mortgage ? " The referee sustained the plaintiff's objections to such question. We think the question was proper and that the defendant was clearly entitled to an answer thereto.

The following question was asked of the witness Christopher Smith : " Q. In the negotiations this year between your brother, yourself and Mrs. Moore, in regard to the purchase of this property, was there anything said about your brother and yourself assuming and promising to pay this mortgage ? " The question was objected to by the plaintiff and the objection sustained by the referee.

In consequence of the referee's ruling in sustaining the objections to the questions as above specified, and many other similar questions propounded by defendant to witnesses, he was prevented from showing what the parol contract between Anne E. Moore and himself and brother was. With that view he sought to show what was said between the parties during the negotiations, and also that nothing was said in reference to the Smith brothers assuming the payment of the mortgage. But the evidence he offered with this view was excluded by the referee. We think the exclusion of this testimony was erroneous. Defendant should have been allowed to show what the entire parol contract was, and everything that was said between the parties prior to the execution of the deed, tending to show the actual agreement made. The referee on the trial did allow some questions asked by defendant of witnesses, similar to those so excluded

to, be answered, and thus the error above adverted to in such exclusion was to some extent, but not entirely (as a careful examination of the testimony will show), cured.

It is suggested that no error was committed in excluding the evidence offered by defendant in relation to the parol contract, because it was shown that there was a written contract between the parties, executed prior to the delivery of the deed, and, hence, all previous oral negotiations were merged in such contract. But it is not proved that there was a written contract obligatory on the defendant, Christopher Smith. He testified that he never saw such a contract. And the witness Moore does not testify that the written agreement was signed by Christopher Smith, or seen by him, or show that William H. Smith, who he said executed it, was authorized to do so for the defendant, or in fact assumed to. The alleged contract was not introduced in evidence or its contents shown, nor did the testimony of the witness Moore show that any contract was ever executed to which defendant was a party.

Hence, the testimony in the case failed to show, at least as against the defendant, Christopher Smith, that there was any contract. The action was against him individually and as administrator of William H. Smith. He testified that he had never seen any contract. If he had been allowed to show, and could have proved, that under the actual agreement made it was not understood or agreed that he and his brother should assume the payment of the plaintiff's mortgage, and that the provision for such assumption was put in the deed without his knowledge or consent, the referee could have properly found that the provision was fraudulently inserted, notwithstanding the unauthorized contract which defendant had never seen and which was executed without his knowledge.

We conclude, therefore, that on account of the exclusion of the evidence above referred to by the referee the judgment should be reversed, and a new trial granted, with costs to abide the event.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment reversed, referee discharged, new trial granted, costs to abide the event.