(26 App. Div. 447.)

FRANK et al. v. TUOZZO et al.

(Supreme Court, Appellate Division, Second Department. March 8, 1898.)

1. MORTGAGES—PAYMENT TO AGENT—EVIDENCE OF AUTHORITY.
    When payments upon a bond and mortgage are made to a person other than the principal, the burden rests on the party so paying to establish that the party to whom payment is made is clothed with authority to receive it, and it is only where the bond and mortgage remain in the possession of the agent that the party is justified in making payment to him, in the absence of other circumstances establishing such authority.

2. SAME—NOTICE TO MORTGAGOR.
    A., the defendant, being the owner of land, in order to raise a loan conveyed the property, at the instance of B., the lender, to C., who first executed a mortgage to D., the plaintiff, and then reconveyed the property to A. After the reconveyance, and before A. made any payments on the mortgage, it was recorded. Held, that this gave A. constructive notice of its existence and terms, and imposed on her the necessity of ascertaining whether B., to whom she thereafter made payments, was authorized by the mortgagee to receive them.

Appeal from special term, Kings county.

Action by Hannah Frank and others, trustees of Hadassah Lodge No. 8, U. O. T. S., of the city of New York, against Donato Tuozzo and others. From a judgment dismissing plaintiffs' complaint on the merits, and adjudging that the bond and mortgage sued on be delivered up and canceled and discharged of record, plaintiffs appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Leonard Bronner, for' appellants.

Francis L. Corrao, for respondents.

HATCH, J. This action was brought to foreclose a mortgage, and upon the trial these facts were developed: The defendant Orsalina Quattrocchi was the owner of the premises covered by the mortgage. Having domestic difficulty with her husband, she agreed to give him $2,000, and he agreed to leave. In order to raise the money, she applied, at the instance of Donato Tuozzo, her brother-in-law, to one Frank, and he promised to loan her $2,000. Frank insisted, before making the loan, that she should deed the property to the other defendants herein, and this was done, her husband joining in the conveyance. The defendant Tuozzo executed the bond and mortgage, after the conveyance, for the sum of $3,000, although, as the court found, only $2,000 was in fact loaned. This bond and mortgage ran to the plaintiffs in this action. It bore date May 27, 1889, and was recorded October 30, 1889. Immediately thereafter the premises were redeeded by the parties to the defendant Quattrocchi and her husband. The defendants are ignorant, illiterate people, neither read nor write, speak the Italian language, which Frank was unable to speak, and all communications were had through the medium of an interpreter, who is now dead. Frank gave directions to the defendant Quattrocchi to pay to him the money secured by the mortgage in such sums as she should have to pay with, and whenever she had it. In pursuance of this direction, she paid to Frank at various times money in sums ranging from $30 to $850, until the principal sum of $2,000 and interest was paid. For these payments she took receipts from Frank, some of which were signed "Herman Frank," "Herman Frank, Atty. for Mtgee.," and "Herman Frank, for Mtgee." The money loaned was not Frank's money, but was the money of the plaintiffs, delivered to him for the purpose of making the loan. Frank paid interest upon the mortgage to the plaintiffs, but failed to pay over any part of the principal sum, and subsequently absconded. The court found that but $2,000 was loaned by Frank instead of $3,000, and the evidence is sufficient to support that finding, and also the finding that Frank falsely represented that the mortgage was only for $2,000. The court further found that during all the time when the aforementioned payments were made Frank was in possession of the bond and mortgage, and that while they were so in his possession the bond and mortgage were paid and satisfied. If this proposition of fact can be sustained, then the defendant Quattrocchi, in making the payments to Frank, would be protected therein, assuming that such payments were made in reliance upon such possession. Smith v. Kidd, 68 N. Y. 130; Crane v. Gruenewald, 120 N. Y. 274, 24 N. E. 456.

The finding, however, is vigorously attacked as being without evidence sufficient for its support. We think the attack must be sustained. The only evidence in support of the finding is found in the testimony of Mrs. Quattrocchi, and is in these words:

"When I brought this money to Mr. Frank, I put the money there and he gave me a receipt. He took a paper and wrote down on this paper. He did write something on another paper. He had a big paper in his safe,—on a big paper he had in his safe. He had a large paper in the safe, and he would draw the receipt. I cannot describe any paper or papers that anything was written on other than these receipts."

This testimony is insufficient to identify the paper which he took from the safe as the bond and mortgage. It may as well have been a paper upon which he kept a memorandum as the bond or the mortgage. There was nothing said, so far as appears, with respect to Frank's making any indorsement of payment upon the bond. The bond and mortgage were not produced to see if she could identify them as the papers which Frank took from his safe, and we are furnished with no description, either by comparison or otherwise, from which it might be inferred that the papers were the bond and mortgage in suit. In addition to this the witness does not say that she placed any reliance in making the payment upon the possession by Frank of any bond and mortgage. This fact, perhaps, might be inferred from her act in paying, if it appeared that when she paid the bond and mortgage were there; but of this fact there is no proof. We must bear in mind that the burden rests upon the party paying, when payment is made to a person other than the principal, to establish that the person to whom the payment is made is clothed with authority to receive it. And it is only where the bond and mortgage remain in the possession of the agent that the person is justified in making payment to him, in the absence of other circumstances establishing such authority. The proof relied upon in this case does not meet the requirement.

The plaintiffs called a number of witnesses to establish that in fact the bond and mortgage were almost immediately delivered to the principal and have remained in its custody since. This evidence is not conclusive, as the persons were all parties in interest, and the relation existing between Mrs. Frank, who it is claimed first had the custody of the bond and mortgage after their execution, and her son, who loaned the money, might well raise a doubt in this respect. Besides, it is usual for the attorney to record the security before delivery, and this mortgage was not recorded until five months after its execution, and within a month of the first payment of $850 by the defendant Quattrocchi. It does not appear that any one besides Frank procured it to be recorded. This would authorize the inference that he had it for some time after its execution.

The facts of this case justify the court in imposing no very strict rule upon the defendant Quattrocchi in proving the authority she relies upon, in view of the conceded fact that the plaintiffs placed it within the power of Frank to defraud these ignorant and innocent people. But, while this is true, we cannot shut our eyes to the failure of legal proof in the present record to sustain this finding. Nor do we think that the judgment can be sustained upon the ground that the plaintiffs placed it within the power of the attorney to perpetrate a wrong. The principle that, as between two innocent parties, the one must suffer who invests another with authority which enables him to perpetrate the wrong, we think has no application.

It is true that these defendants were ignorant, illiterate, and innocent, and they undoubtedly relied upon Frank in what he said and did. But the bond and mortgage did not run to him. These instruments ran to the plaintiffs, and, while the defendant Quattrocchi did not execute either, and was not a party thereto, yet after the premises were redeeded to her, and before she made any payments, the mortgage was recorded, and gave her constructive notice of its existence and terms, by virtue of the recording acts. Against this notice ignorance and misrepresentation cannot avail; otherwise it would amount to a repeal of the acts, and render practically worthless securities protected thereby. In addition to this, there was notice given that he was or might be acting for another, as he signed some of the receipts as attorney for the mortgagee.

For these reasons the judgment must be reversed, and a new trial granted, with costs to abide the final award of costs. All concur.