James R. Cowan, as Executor, etc., of Robert T. Hume, Respondent, *v.* John Davenport, Sr., and Others, Appellants, Impleaded with Others.

*Evidence — what does not relate to a personal transaction between the witness and a deceased person.*

Upon the trial of an action brought by the executor of a deceased mortgagee to foreclose the mortgage, a witness testified to an interview between the mortgagee and the mortgagor, at the house of the former, which took place in the presence of the witness and of a third party, who subsequently took a conveyance of the mortgaged premises from the mortgagor and assumed the payment of the mortgage; that $400 was then paid on the mortgage, and that subsequently, on the same day, the mortgagor, the mortgagee and the witness went to a hotel at Stamford, where the mortgagor paid $600.   The mortgagor, while not denying the second payment, or the facts of the transaction as stated by the witness, testified that he had no recollection of the mortgagee going with him to Stamford or of the payment of the $600, and that he did not think that the mortgagee went to Stamford on that day.

*Held*, that the third party, who was a party to the foreclosure action and had served an answer therein, was not disqualified by section 829 of the Code of

Civil Procedure from testifying that, upon the day in question, he saw the mortgagor, the mortgagee and the first-mentioned witness come out of the sitting room in the hotel at Stamford, where the first-mentioned witness testified that the $600 payment was made; such evidence does not relate to a personal transaction had between the witness and the deceased mortgagee.

APPEAL by the defendants, John Davenport, Sr., and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Delaware on the 6th day of July, 1897, upon the decision of the court rendered after a trial at the Delaware Special Term.

*Edward O'Connor,* for the appellants.

*C. L. Andrus,* for the respondent.

PUTNAM, J.:

This action was brought to foreclose a mortgage executed by John Davenport, Sr., and wife, to Robert T. Hume, to secure the payment of a bond for the sum of $4,000, made by said John Davenport, Sr. After the giving of the mortgage Robert T. Hume died, leaving a last will and testament, and the plaintiff being named therein as executor duly qualified as such. On July 6, 1896, the mortgagors conveyed the mortgaged premises to the defendant Clayton Weeks, who assumed the payment thereof, and the latter afterwards conveyed said land to the defendant Louise Weeks, who also assumed the payment of the mortgage. The amount claimed by the plaintiff to be due and unpaid on the mortgage at the time of the commencement of the action was $3,711.34. The court below directed judgment in favor of the plaintiff for the relief demanded in the complaint, and determined the amount unpaid on the bond and mortgage to be the sum of $2,080, with interest from the 20th day of April, 1894.

After a careful consideration of the case, we are unable to discover any error on the part of the learned trial judge in his rulings on the trial, or in his findings of fact or law, except his exclusion of certain testimony offered by the defendants, and below referred to.

The defendants claimed on the trial that a payment of $600 had been made on the bond and mortgage in question at Stamford, N. Y., on the 26th day of December, 1887, which had not been credited thereon. Edward O'Connor, a witness called by them, testified to

an interview between Mr. Hume, the mortgagee, and Mr. Davenport, the mortgagor, at the house of the former at the time mentioned at which the witness and Clayton Weeks were present; that at that time $400 was paid; that on the same day, Mr. Hume and Mr. Davenport and the witness proceeded from the house of the former to Stamford and met in a room in the hotel at that place; Mr. Hume, Davenport and the witness were present; that $600 was then paid on said bond and mortgage by Davenport, and Mr. Hume executed a receipt therefor. The witness stated at length and with particularity all the circumstances of the transaction, the manner of counting the money, the reason the payment was not indorsed on the bond, and the fact of the giving of a receipt therefor.

The plaintiff called the mortgagor, Mr. Davenport, as a witness, who, not denying the payment of the $600, or the facts of the transaction as detailed by Mr. O'Connor, testified that he had no recollection of Mr. Hume's going with him to Stamford at the time in question, or of the payment of the $600 on the bond and mortgage. He did not think that Mr. Hume went to Stamford that day.

The statement of this witness hardly amounts to a denial of the clear and positive testimony of the witness O'Connor as to the payment of the $600 at the time in question. The effect of his testimoney was merely that he had no recollection of the transaction as to which the witness O'Connor had testified, but the learned trial judge, although with some hesitation, regarded the testimony of Mr. Davenport as controlling, and disallowed the said alleged payment of $600.

The defendant Clayton Weeks had assumed the payment of the mortgage, had served an answer in the action and was interested in the result. He was, under the provisions of section 829 of the Code of Civil Procedure, clearly disqualified from testifying as to a personal transaction between him and Mr. Hume. He was at the house of the latter at the time the payment of $400 was made on the bond and mortgage on the 26th day of December, 1887, and proceeded from there to Stamford at the same time that Mr. Davenport and Mr. O'Connor did.

After the testimony of Mr. Davenport, above referred to, was given, Clayton Weeks was called as a witness for the defendants, and the following testimony given, questions asked, objections inter-

posed, and rulings made : " From Mr. Hume's I went to Stamford. I had a lady with me. I had a cutter. . After I got to Stamford I saw you, (Mr. O'Connor) come there with a gray horse and a cutter. I think it was Davenport's horse. Q. Did you see Mr. Davenport and Mr. Hume come there a little later ? . [Objected to as irrelevant, immaterial and improper under section .829 of the Code. Objection sustained. Defendant's counsel excepted.] Q. Did you see Hume, Davenport and myself come out of the Delaware House sitting room into the office together afterward ? [Objected same as before. Objection sustained. Exception taken.] "

It is conceded by the learned counsel for the respondent that the testimony excluded was material. Mr. O'Connor had testified to a payment of $600 at Stamford by Mr. Davenport to Mr. Hume. The former had sworn that he had no recollection of the payment and did not think that Mr. Hume was at Stamford at the time in question. Had the testimony offered been received, it would have had much force as tending to corroborate the testimony of the witness O'Connor. It was evidently competent and proper, unless it related to a personal transaction between the witness and the deceased mortgagee. It did not appear, however, that on that day those parties had had any transaction of any kind. The witness was not present at the time the alleged payment of $600 was made. The questions, the objections to which were sustained, did not require the witness to detail any conversation between the deceased and Mr. Davenport which he had heard and in which he took no part, and, hence, the doctrine stated in the *Matter of Bernsee* (141 N. Y. 389) and kindred cases, does not apply. The defendants sought to show by the witness, merely, that Mr. Hume at the time in question was in Stamford and came from the sitting room in the Delaware House where the witness O'Connor had testified that a payment of $600 was made on the bond and mortgage described in the complaint. They did not seek to show what was said or what took place at the interview between the deceased and Mr. Davenport. They could not have proved that by the witness because he was not present at the interview.

It is difficult to see how the evidence excluded could be held to relate to a personal transaction between the witness and the deceased. It was decided in *Greer* v. *Greer* (58 Hun, 251) that " to state the

names of the persons in a room at a certain time, is not testimony concerning a personal transaction between the witness and one of them, and such testimony is admissible, although the witness may be interested in the action and one of the parties who was in the room has died before the trial."

We think under principles enunciated in *Pinney* v. *Orth* (88 N. Y. 447) it must be held that the testimony thus offered by the defendants and excluded by the court was competent. In that case, a witness had sworn to a conversation between the deceased and an interested party at a certain time and place, and it was held competent for the latter to testify that the witness was not at the place when the conversation took place. In the opinion, RAPALLO, J., referring to the provisions of section 829 of the Code of Civil Procedure, said : "The language of the prohibition is sufficiently broad to prohibit the survivor from testifying that any particular communication or transaction did or did not take place personally between himself and the deceased, but there, we think, the prohibition ends, and that it does not preclude the survivor from testifying to extraneous facts or circumstances, which tend to show that a witness who has testified affirmatively to such a transaction or communication has testified falsely, or that it is impossible that his statement can be true, as, for instance, that the survivor was, at the time, absent from the country where the transaction is stated to have occurred, and that, so long as the survivor refrains from testifying as to anything that passed, or did not pass, personally between himself and the deceased, it is not a valid objection to his testimony that the facts which he states bear upon the issue, whether or not the personal transaction in question took place, or upon the truth of the testimony by which such transaction is sought to be proved against him."

The doctrine thus stated in *Pinney* v. *Orth* has not been overruled. (See *Lewis* v. *Merritt*, 98 N. Y. 206 ; *Wilson* v. *Reynolds*, Id. 640 ; *Clift* v. *Moses*, 112 id. 426, 438 ; *Matter of Callister*, 153 id. 294, 307.) Had the evidence thus offered been received, and the witness testified that, in fact, the deceased was in the Delaware House in Stamford on the 26th day of December, 1887, with the witness O'Connor and the mortgagor Davenport, it is not improbable that the learned trial judge would have reached a different conclusion from what he did in reference to the alleged pay-

ment of $600 on that day on the bond and mortgage in suit. We think, also, that the court below should have allowed the payment of $200, made on the 8th day of January, 1891, which was proved by Exhibit No. 17 in the case, received in evidence without objection.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment reversed and a new trial granted, costs to abide the event.