(173 App. Div. 859)

### KENNEDY v. MULLIGAN et al.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

1. WITNESSES ⟷159(9).—INCOMPETENCY—TRANSACTION WITH DECEDENT.

Under Code Civ. Proc. § 829, prohibiting testimony of an interested person as to a transaction with a decedent, in a physician's action for professional services against executors of a decedent, testimony of the physician that he attended decedent professionally was inadmissible.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 676; Dec. Dig. ⟷159(9).]

2. WITNESSES ⟷180—TRANSACTIONS WITH DECEDENT—OBJECTIONS.

In a physician's action for services rendered a decedent, where the question of the physician's competency to testify as to his attendance on decedent was raised at the beginning of the evidence, and the court's intention to rule that Code Civ. Proc. § 829, was not applicable is apparent and the objection was made clear to the presiding judge, it was sufficient, though similar evidence was admitted without objection.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 726–730; Dec. Dig. ⟷180.]

McLaughlin and Scott, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Robert Foster Kennedy against Lawrence Mulligan and another, as Executors, etc. From a judgment for plaintiff, and an order denying their motion for new trial, defendants appeal. Judgment and order reversed, and new trial granted.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

Oliver B. Goldsmith, of New York City, for appellants.
Frederick J. Moses, of New York City, for respondent.

SMITH, J. The plaintiff in this case is a physician suing to recover for services alleged to have been rendered by him to Timothy D. Sullivan prior to his death during his incompetency. Before the

death of Mr. Sullivan the plaintiff presented a claim to the committee for $2,800 for his services, and upon the death of Mr. Sullivan filed a similar claim with the defendants. In both cases the claim was rejected. The plaintiff then sued for his services, and from a recovery in that action this appeal is taken.

Upon the trial of the action the plaintiff took the stand in his own behalf and testified in answer to question of his counsel: "Doctor, did you attend Timothy D. Sullivan professionally?" "I did." Again, his counsel asked him: " * * * Tell us what you did professionally in the care of Mr. Sullivan, treating him and advising him, or his committee, or those in charge of him." He answered: "On the 8th of February I have a note of a visit from Mr. Considine. On the same date I have a note that I went to Yonkers and there saw and examined Mr. Sullivan." The testimony in both of these instances was objected to as being contrary to the provisions of section 829 of the Code of Civil Procedure. The case of Griswold v. Hart, 205 N. Y. 384, 98 N. E. 918, 42 L. R. A. (N. S.) 320, Ann. Cas. 1913E, 790, is the latest exposition of the scope and intent of this Code provision. The rule stated in this case is that whatever a person "derives from the personal presence of the deceased by the use of his senses is a communication from the deceased to him within the meaning of the statute." Again, the case says that the object of the statute was "to retain the equality between the parties which otherwise, under the new rule, would have been destroyed by the death of the deceased."

[1] It seems clear that the testimony in the present case is objectionable. Medical attendance involves a transaction as well as communications between the physician and the patient. Upon the death of a patient testimony from him as to the facts of that attendance is rendered impossible, and under such circumstances it seems clear that the policy of the Code provision in question prohibits testimony by the other party to the transaction.

[2] Criticism is made first that the objections under section 829 of the Code were not technically taken in proper time and form. As to that criticism, the question was raised at the beginning of the evidence, and that the court intended to rule that the section was not applicable is apparent. It is further claimed that the objection to the question as to what the plaintiff did in the care of Sullivan, treating him, or advising him, or his committee, or those in charge, should have been confined to the communications and transactions with the deceased, and not be made applicable to any transactions with the committee. This objection and ruling followed the decision of the court, which overruled the objection under section 829 to the question asked as to whether the plaintiff attended Sullivan professionally. It is evident that the objection under this Code section was made clear to the presiding judge, and that he intended to rule thereupon, and to hold that the defendant has not taken proper objections to review the decision would, we think, be hypercritical, and would tend to pervert rather than to promote the due administration of the law. It is true that other like evidence was afterwards admitted to which the objection

was not made, but after the court had held competent the evidence offered it would have been futile to continue the objections.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event. Order filed.

CLARKE, P. J., and PAGE, J., concur. McLAUGHLIN and SCOTT, JJ., dissent.