PHILIP C. GOETZMAN, as Executor of the Last Will and Testament of ALEXANDER MEHWALT, Deceased, Plaintiff, *v.* MICHAEL DANITZ and Others, Defendants.

(Supreme Court, Erie Equity Term, July, 1921.)

Mortgages — foreclosure — payments to one other than the mortgagee are made at peril of mortgagor when securities are not produced — authority to receive interest not authority to receive principal — attorney negotiating mortgage has no authority to collect principal.

Payments upon a mortgage made to one other than the mortgagee, when he did not have the securities in his possession, are made at the peril of the mortgagor.

Authority in an agent to receive payments of interest does not authorize him to receive payments of principal.

That a mortgage loan was negotiated to an attorney gives him no authority to collect payment of principal, even where it apears that he has on other occasions received like payments which he paid over to the mortgagee.

Where in an action to foreclose a mortgage there was no dispute but that the amount of certain payments of principal, which defendant claimed to be deducted from the amount demanded in the complaint, was paid over to the attorney through whom the loan was arranged, and to whom defendant so long as he was the owner of the mortgaged premises paid the interest and after a transfer of the property the attorney continued to collect and account for interest received, but the evidence is insufficient to sustain defendant's contention that the attorney was the authorized agent of the mortgagee to receive payments of principal, two of which were made after the death of the mortgagee, the plaintiff is entitled to judgment as prayed for.

ACTION to foreclose mortgage.

Tuttle, Rice & Stockwell, for plaintiff.

Edward L. Jung, for defendants.

WHEELER, J. This is an action to foreclose a mortgage for $1,600, dated June 30, 1911. The defendant Michael Danitz gave the mortgage in question, and subsequently on November 17, 1913, conveyed the property to the defendant John Brazdil and wife. The plaintiff claims the sum of $1,600 is due on the mortgage with interest from January 1, 1920. The defendants contend that from that sum should be deducted the sum of $350 as payments to apply on the principal made on the following dates, to wit: June 2, 1917, $150; July 2, 1917, $50; January 3, 1919, $100; July 5, 1919, $50.

There is no dispute but that these payments were made to one Philip Goetzman of the city of Buffalo (who however is not the Philip C. Goetzman who is the plaintiff in this action, and in no way related to him).

The defendant claims that the Philip Goetzman to whom the payments above specified were made was the agent of the plaintiff's executor, and authorized to receive them. This the plaintiff disputes. The moneys paid were not in fact paid over by Goetzman to the holder of the bond and mortgage. The evidence shows that at the time this bond and mortgage was given Michael Danitz went to the office of Philip Goetzman and arranged for the loan to be made by Mehwalt; that neither Alexander Mehwalt or his wife Elizabeth were present at any time Michael Danitz was there, and Danitz never saw Mehwalt or his wife Elizabeth. Danitz paid the interest on this bond and

mortgage to Philip Goetzman as long as he owned the property, and Goetzman properly accounted for such interest to Alexander Mehwalt. After the conveyance to John Brazdil, Philip Goetzman continued to collect the interest from Brazdil and properly accounted for the interest so paid up to the time of the death of plaintiff's testator. Goetzman paid the interest to January 1, 1920. No part of the payments of principal however were turned over by Philip Goetzman to Alexander Mehwalt in his lifetime, or to his executor Philip C. Goetzman. The bond and mortgage remained all the while in the possession of Alexander Mehwalt up to the time of his death, which occurred on the 31st day of December, 1918, and afterwards passed to the possession of this plaintiff as executor. The bond and mortgage now sought to be foreclosed ran to Alexander Mehwalt and Elizabeth Mehwalt, his wife, or to the survivor of themselves. Elizabeth Mehwalt, the wife of Alexander Mehwalt, died the 14th day of June, 1914. As survivor Alexander Mehwalt, therefore, became the owner of the bond and mortgage, although by will his deceased wife bequeathed to him all her property.

The evidence given on the trial shows that Alexander Mehwalt during his lifetime had taken a number of mortgages covering property in Erie county, and that these loans had doubtless been negotiated by and through Philip Goetzman. The evidence also shows that Goetzman did receive payments of interest on these other mortgages and turned the money over to the mortgagee and took receipts in some of which he described Philip Goetzman as " My agent." On one occasion Goetzman received payment of another mortgage held by Mehwalt, $600 of which he turned over to Mehwalt, and Mehwalt gave his receipt. In this receipt Mehwalt says " *balance of* $1,200.00 *to be*

*invested in a new mortgage.''* It thus would appear, at least inferentially, that a mortgage for $1,800 had been paid, $1,200 of that amount being left in Goetzman's hands to reinvest in a '' new mortgage,'' in all probability arranged for by them at or before the time of payment. The fair inference is that as to that mortgage payment of the principal was made with the knowledge and special authority of Mehwalt, and the transaction is not to our mind one on which any inference of general authority to receive payment of principal can be based.

On another occasion we gather from receipts and checks offered in evidence that Goetzman received payment of a mortgage for $1,000, covering 279 Sobieski street, and then paid over the amount by check, including other moneys, to Mehwalt. It is quite evident that at that time Mehwalt gave a formal discharge of the mortgage, as the payment was for the full amount of the mortgage. The bond and mortgage in all probability must have been surrendered at the time, together with the discharge. At least there is nothing to show to the contrary. So that from the evidence as it stands the court is not justified in assuming the money was received by Goetzman by virtue of any general authority, but in all probability by reason of Mehwalt giving special authority as to that case, and putting into Goetzman's hands the securities and a discharge.

In another instance Mary Mehwalt, the second wife of Alexander Mehwalt, instituted a foreclosure and Philip Goetzman verified the complaint, swearing he was the agent of Mary Mehwalt. We cannot see how the declarations of Goetzman, even though a sworn one, as to his agency for Mary Mehwalt, can be deemed competent evidence against the representative of the estate of Alexander Mehwalt, and even though evi-

dence, it establishes nothing, for as to the bringing of the foreclosure it is probable Goetzman was acting under special instructions. It tends to establish no general authority.

With this general statement of the facts as developed on the trial we pass to the consideration of the law and legal effect of the facts.

In the first place the burden rests on the party making payment to one other than the creditor to show the payment was to an agent having authority to receive it. *Crane* v. *Gruenewald,* 120 N. Y. 274.

Especially is this true where a mortgagor makes a payment to one other than the mortgagee who does not have the securities themselves in his possession, such payments are made at the peril of the mortgagor. *Crane* v. *Gruenewald,* 120 N. Y. 274.

It is further well established that authority to receive payments of interest does not give authority to receive payments of principal. *Brewster* v. *Carnes,* 103, N. Y. 556; *Smith* v. *Kidd,* 68 id. 130; *Frank* v. *Tuozzo,* 26 App. Div. 447.

The fact that the loan was negotiated through an agent or attorney gives such agent or attorney no authority to collect payments of principal. *Smith* v. *Kidd,* 68 N. Y. 130.

Nor does the fact that an attorney has on other occasions received payments of principal which he has paid over justify the inference of general authority to receive such moneys, where the agent or attorney is not entrusted with the possession of the securities themselves. *Smith* v. *Kidd,* 68 N. Y. 130, 137; *Williams* v. *Walker,* 2 Sandf. Ch. 325; 31 Cyc. 1370.

Applying these generally accepted propositions of law to the facts of this case we are unable to see how the defendants can sustain the contention that the

payments in dispute were made to an agent of the mortgagee authorized to receive.

It will be noted, moreover, that two of the payments in question were made after the death of Alexander Mehwalt. If such an agency to receive payments of principal had existed it was determined by the death of Mr. Mehwalt, although the payer was not aware of his death at the time of making payment. *Weber* v. *Bridgman,* 113 N. Y. 600; *Farmers Loan & Trust Co.* v. *Wilson,* 139 id. 284.

We think the plaintiff entitled to the judgment asked.

Let findings be prepared accordingly.

*Judgment for plaintiff.*