Louise Kissinger, Respondent, *v.* John W. Quirin and Another, Appellants, Impleaded with Joseph Zangl, as Administrator, etc., of Barbara Zangl, Deceased, and Others, Defendants.

Fourth Department, June 29, 1923.

**Mortgages — payment of principal and interest — payment made to real estate agent who did not have bond and mortgage — verdict that agent did not have authority to collect principal and interest is against evidence — impeaching testimony improperly admitted where foundation is not laid.**

In an action to foreclose a mortgage in which the defense interposed is that the mortgagor made certain payments of principal and interest, the findings by the court that the agent to whom the payments were made did not have authority to collect them, and that, therefore, no payment was effected as to the amount which the agent failed to turn over to the mortgagee and to his administrator is against the evidence, where it appears that, though said agent did not have possession of the bond and mortgage at the time the payments were made, the mortgagee sanctioned the payment of principal and interest to the agent both by word of mouth and by his conduct; that said agent had acted as the agent of the mortgagee in collecting principal and interest on about sixty other mortgages for twelve years; and that the administrator asked the agent to collect the principal and interest on the mortgages held by his intestate.

The testimony of an attorney who had acted with the defendant's attorneys in this case which was offered by the plaintiff for the purpose of impeaching the testimony of one of defendant's witnesses was improperly admitted since no foundation was laid therefor by cross-examination of the witness whose testimony it was sought to impeach.

Appeal by the defendants, John W. Quirin and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 29th day of December, 1922, upon the decision of the court rendered after a trial at the Erie Special Term.

*William P. Colgan* [*Eugene L. Dominick* of counsel], for the appellants.

*Strebel, Corey & Tubbs* [*Carlos C. Alden* of counsel], for the respondent.

Davis, J.:

The action was brought by plaintiff as assignee to foreclose a mortgage given by Barbara Zangl to Frederick Doetsch, both deceased. The defendants Quirin are the only ones who have appeared.

The sole issue arises over payments alleged to have been made by the appellants, who had assumed and agreed to pay the mortgage when they purchased the premises on January 1, 1917.

The sale of the premises to appellants was negotiated through one Goetzman, a real estate agent. The trial court has found that Goetzman and Doetsch, the mortgagee, had been friends of many years standing, and that Goetzman had represented the latter in various real estate and mortgage transactions, and had been collecting and remitting to Doetsch at various times payments on bonds and mortgages held by him; that Doetsch had been an almost daily caller at the office of Goetzman for a long period prior to his death, and there had a special chair which he occupied.

It is not disputed that the appellants made substantial payments of principal and interest to Goetzman during the lifetime of Doetsch. Two payments of interest and one payment in part of principal were paid to Doetsch by Goetzman, and the remainder the latter fraudulently retained.

Doetsch died December 22, 1917, intestate, and Jacob Kissinger was appointed administrator of his estate August twenty-third following. The Quirins continued to make payments of principal and interest to Goetzman after Kissinger's appointment. The interest only was turned over to Kissinger until about the time the mortgage was assigned to plaintiff on January 10, 1920. Goetzman absconded in April, 1920, without having paid over the balance of the principal.

The primary question is whether the payments to Goetzman are valid and binding on the mortgagee. In other words, was Goetzman the agent of the mortgagee and of his administrator so that they should stand the loss? The general rule in this State is that the mortgagor is not protected in making payment to the scrivener or attorney who prepares the papers, or to an agent with only general powers, unless such person is in possession of the security. (*Smith* v. *Kidd*, 68 N. Y. 130; *Crane* v. *Gruenewald*, 120 id. 274; *Frank* v. *Tuozzo*, 26 App. Div. 447; *O'Loughlin* v. *Billy*, 95 id. 99.)

Goetzman did not have the bond and mortgage in his possession at the time payments were made. The rule of law just stated is not inflexible, and while possession of the securities may not on the one hand be conclusive evidence that the man holding them is the agent for the purpose of collection (*Schermerhorn* v. *Farley*, 58 Hun, 66; *Wardrop* v. *Dunlop*, 1 id. 325; affd., 59 N. Y. 634), on the other hand it is possible for a man to appoint an agent to accept payment on his securities without in fact depositing them with him, by power of attorney or other written or oral designation, or by course of conduct; and if payments are made to such person with a knowledge of his agency, the payments are valid and the owner bound, even though the securities are not deposited with

the agent. (*Williams* v. *Walker*, 2 Sandf. Ch. 325, 327, 329; *Forbes* v. *Reynard*, 113 App. Div. 306.)

Such is the rule in other jurisdictions. (*Security Co.* v. *Richardson*, 33 Fed. Rep. 16; *Kent* v. *Congdon*, Id. 228; *Harrison National Bank* v. *Austin*, 65 Neb. 632; 59 L. R. A. 294; *Springfield Savings Bank* v. *Kjaer*, 82 Minn. 180; 2 C. J. 625.)

The mortgagor who pays to a person not in possession of the securities must prove express authority *aliunde*. (*Smith* v. *Kidd, supra,* 141.)

The proof relied on by appellants, beside that already mentioned of the constant attendance of Doetsch at Goetzman's office, is as follows: Marie Jasneau, a sister of Mrs. Quirin, testified she was present, as was also Doetsch, when the Quirins completed the purchase of the property in Goetzman's office; that on that occasion Doetsch was introduced to Mrs. Quirin by Goetzman who said: " I will make you acquainted with your mortgage holder, Mr. Doetsch; " and that Mrs. Quirin said: " Well, if you are my mortgage holder, where will I make my payments? " Mr. Doetsch responded: " You make all your payments to Philip Goetzman, he is my agent." She also testified that after Doetsch's death, Kissinger, the administrator, on one occasion came to the Quirin house and wanted to see their receipts and said: " My land, did you pay $1,700 and we only got $500? " and added: " We will get him. You ain't the only one, there are more."

Goetzman's two sons testified and one of them stated that their father collected the principal and interest on about sixty mortgages for Doetsch for about twelve years during his lifetime, and that after Doetsch died, Kissinger, the administrator, came to the office with a list of bonds and mortgages and asked Goetzman to collect the principal and interest on them. The bond and mortgage in suit here were among the list. He further stated that during all the time that he collected the money and turned it over to Doetsch, their father did not have the bonds and mortgages in his possession; and that he heard Kissinger, the administrator, say to their father: " Collect interest and principal on these mortgages," of which he had furnished the list.

These witnesses were disinterested and their testimony was not impeached. If any weight is given to it, taken in connection with the other circumstances, it would seem that there was sufficient authority to Goetzman to collect payment.

Two other questions are raised concerning the admission of evidence. One Wierling was called as a witness to impeach the testimony of Marie Jasneau. It seems that Wierling was an attorney at one time associated with the plaintiff's attorneys,

but that relation had been dissolved. He assisted defendants' attorney in the preparation of the case for trial, talking with the parties and their witnesses. It was asserted on the argument by defendants' counsel that Wierling was actually present in court and sat with defendants' attorney during a part of the trial. That fact does not appear in the record. On rebuttal Wierling was called by the plaintiff as a witness, and after some show of reluctance, testified that during the preparation for trial Mrs. Jasneau said nothing to him about being present when the title was transferred to the defendants, or being present when the conversation occurred between Jacob Kissinger and the Quirins. While the conversation between the witness and the attorney was not privileged, I regard the ethics of this transaction as being very dubious, particularly as there must have been some disclosure of the facts learned by Wierling as counsel, to plaintiff's counsel preceding his being called as a witness. Regardless of that fact, there was no foundation laid for the evidence by cross-examination of Mrs. Jasneau on the subject; and I think the objection made by defendants' counsel was sufficient to have it excluded. (*Larkin* v. *Nassau Electric R. R. Co.,* 205 N. Y. 267.)

The second question arose over the exclusion of the evidence of Mr. and Mrs. Quirin under section 829 of the Code of Civil Procedure (now Civ. Prac. Act, § 347), when called to testify that Doetsch was in the office of Goetzman when the deal for the real estate was closed and the conversation occurred which Mrs. Jasneau testified to. I think the evidence was competent. It is not incompetent for an interested party to state the names of persons present in a room at a certain time, even though one of the parties named is since deceased, for it is not testimony concerning a personal transaction (*Greer* v. *Greer,* 58 Hun, 251; *Cowan* v. *Davenport,* 30 App. Div. 130; *Hamlin* v. *Stevens,* 59 id. 522); nor to deny that such person was present. (*Pinney* v. *Orth,* 88 N. Y. 447.)

I do not regard these authorities overruled by *Griswold* v. *Hart* (205 N. Y. 384), for in that case an interested party gave testimony of personal transactions and not merely of the presence of a party.

What effect or influence the evidence in question had or would have on the mind of the court, we are unable to determine. As I have already said, the evidence that Doetsch had made some designation of Goetzman as his agent is strong. If Doetsch held out Goetzman to the defendants as his agent, then he, not they, should stand the loss.

I think under the circumstances the judgment should be reversed

and a new trial ordered, with costs to appellants to abide the event.

HUBBS, P. J., CLARK, SEARS and CROUCH, JJ., concur in result on the grounds that the findings are contrary to the weight of evidence and that the testimony of Wierling was incompetent for the reason that no foundation was laid therefor.

Judgment reversed on the law and facts and new trial granted, with costs to appellants to abide event. Findings reversed as stated in order.