MARGARET C. WALIZE, Respondent, v. WILLIAM B. MORTON, as Executor, etc., of CHESTER S. CHASE, Deceased, Appellant.

Fourth Department, March 9, 1927.

Evidence — admissibility — action for services rendered defendant's testator — plaintiff's son testified he was present when testator and plaintiff made contract and testified to contract — testimony of plaintiff that her son was present in house at time son testified he was there, was inadmissible, under Civil Practice Act, § 347 — error to admit testimony of third person that testator had asked witness to work in household.

In an action to recover for services rendered by the plaintiff in the household of defendant's testator under an alleged contract, the plaintiff's son testified that he was present in his mother's house when the testator came there and made the alleged contract, and he also testified as to the contract between the plaintiff and the testator. The testimony of the plaintiff that her son was present at the time he testified he was present related to a personal transaction and was incompetent under section 347 of the Civil Practice Act and should have been excluded.

It was error for the court to admit testimony of a third person that the testator
had asked the witness to work in his household, for any transaction between
the testator and said third person was irrelevent to the action here.

APPEAL by the defendant, William B. Morton, from a judgment
of the County Court of the county of Monroe in favor of the plain-
tiff, entered in the office of the clerk of said county on the 12th day
of November, 1926, upon the verdict of a jury.

*Charles E. Callahan* [*James K. Feely* of counsel], for the appellant.

*Walter S. Forsyth*, for the respondent.

SEARS, J. Plaintiff has recovered a judgment against the
defendant for services rendered by the plaintiff in the household
of the defendant's testator pursuant to a contract between the
plaintiff and the deceased.

We should affirm this judgment were it not for certain errors
in the reception of evidence.

The existence of the contract between plaintiff and the deceased
was the basic matter litigated. The contract was established
solely by the testimony of the plaintiff's son who gave evidence
that the deceased came to the plaintiff's house during the last
part of April or the first part of May, 1921, and there engaged
the plaintiff to help his wife with her household duties. The
plaintiff took the stand in her own behalf and was permitted to
testify that the deceased came to her house in the spring of 1921,
and that her son was also present at her house at that time. Proper
objections were interposed to the questions which elicited this
evidence to the effect that the plaintiff was incompetent to give
the testimony under section 347 of the Civil Practice Act, and
exceptions were taken. The objections were sound. The sole
purpose of plaintiff's evidence in this respect was to corroborate
the plaintiff's son by showing that the deceased, the plaintiff and
her son Eugene were all present at the place and on the occasion
mentioned by Eugene in relation to the making of the contract.
Taken in connection with the statements of Eugene, the testimony
related to a personal transaction. (*Griswold* v. *Hart*, 205 N. Y. 384;
*Kings County Trust Co.* v. *Hyams*, 242 id. 405; *Matter of Kelly*,
238 id. 71; *Kennedy* v. *Mulligan*, 173 App. Div. 859.) The con-
clusion reached in regard to this subject in the opinion in *Kissinger*
v. *Quirin* (206 App. Div. 126) was not concurred in by a majority
of the court. We deem the cases cited above controlling.

Error also occurred in the reception of testimony from the
witness Castagnetto that the deceased had asked the witness
to work in his household. This transaction between defendant's
testator and a third person was clearly irrelevant and inadmissible.

(*Green* v. *Disbrow*, 56 N. Y. 334; *McLoghlin* v. *N. M. V. Bank*, 139 id. 514.)

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

All concur. Present — HUBBS, P. J., SEARS, CROUCH, TAYLOR and SAWYER, JJ.

Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event.