JACKSON, ex dem. Bigelow, *vs.* TIMMERMAN.

A *new trial* will not be granted where a jury have found a deed executed by a parent to a child, in consideration of *natural love and affection*, fraudulent as to creditors, although the evidence would have warranted a different conclusion, if there is no complaint of misdirection by the judge.

Nor will a new trial be granted where there is no error in point of law in the charge, although the comments of the judge upon the evidence strongly indicate an opinion adverse to the party against whom the verdict is rendered.

Where the question is, whether a voluntary deed be fraudulent or not, evidence of other and cotemporaneous transactions of the grantor and his grantees, in relation to other portions of property is admissible.

THIS was an action of ejectment, tried at the Oneida circuit in April, 1832, before the Hon. NATHAN WILLIAMS, then one of the circuit judges.

The lessor of the plaintiff claimed the premises as a purchaser at a sheriff's sale, under an execution against George G. Klock, on a judgment for $1455,30, in favor of A. Haring, rendered in 1817. The execution was issued in 1827, and the deed executed by the sheriff in 1829. Klock was the owner of the premises in 1812. The defendant relied, in his defence, upon a deed of the premises in question from Klock to his daughter, the wife of the defendant, in consideration of *natural love and affection*, bearing date 6th January, 1814. The plaintiff proved that in 1808, Klock commenced about 24 actions of ejectment for the recovery of a valuable tract of land, which actions were brought to trial in September, 1814 or 1815; cases were made, and the plaintiff was finally unsuccessful in his suits, and cast in heavy bills of costs. Previous to the trials, the suits had been suspended by a bill in chancery, seeking a discovery. Haring was the attorney of Klock, in 13 or 14 of the suits, and the judgment in his favor was for costs, part of which accrued as early 1812. About the time of the conveyance to the defendant's wife, Klock gave a deed of the principal part of his homestead farm to his son Peter Klock and to another son, and other portions of his property he conveyed to other children, but retained a very considerable real estate, was free of debt, independent of his liabilities in consequence of the suits, in which he confidently expected to succeed; and now, at the time of the trial of this suit, he was still the owner of real estate to a considerable amount. The lot conveyed to the defendant's wife in 1814 was worth $600. Peter Klock proved that since 1820, the property conveyed to him and his brother had been sold by virtue of an execution under a decree in chancery, and that he and his brother, to prevent litigation, had paid $3500, and taken an assignment of the decree. This testimony, in reference to the buying in of the decree by Peter Klock, was objected to by the defendant as inadmissible, but the objection was overruled. The judge submitted to the jury the question, whether, under the circumstances of the case, the conveyance to the wife of the defendant should not be deemed fraudulent; and in his comments, strongly intimated an opin-

ion against the defendant. The jury found a verdict for the plaintiff. The defendant moves for a new trial.

*C. P. Kirkland*, for the defendant.

*J. A. Spencer*, for the plaintiff.

*By the Court*, Sutherland, J., The jury have found the deed from G. G. Klock to his daughter, to have been fraudulent. Admitting that they might have come to a different conclusion upon the evidence, yet, upon such a question, unless there was some misdirection by the judge, the verdict of the jury ought not to be set aside by the court.

There is no error in point of law in the charge, and the judge's comments upon the evidence, though strongly indicating an opinion against the defendant, affords no ground for granting a new trial. The defendant who made the case, does not profess to give the whole of the judge's charge. It is to be presumed that he stated all the evidence on both sides that was deemed material, fairly to the jury, and then left it to them to pass upon the question of fraud.

The evidence of Peter Klock, which was objected to, was properly admitted, 11 Wendell, 83.

New trial denied.