(31 Misc. Rep. 636.)

## HEALY v. HEALY.[1]

(Supreme Court, Equity Term, Steuben County. May, 1900.)

1. AGREEMENT TO WILL PROPERTY—CONSIDERATION.
    Deceased orally agreed to support plaintiff, and on his death to give her a child's share in his estate, in consideration for which plaintiff's mother surrendered her completely to his control, and agreed never to disclose the relationship. *Held*, that the agreement rested upon a sufficient consideration, and that therefore plaintiff could enforce specific performance.

2. SAME—STATUTE OF FRAUDS.
    Where decedent orally agreed to support plaintiff, and on his death to give her a child's share in his estate, and plaintiff's mother, in consideration therefor, agreed to surrender her completely to decedent and never to disclose the relationship, full performance by both parties for 20 years until decedent's death, took the agreement out of the statute of frauds, and plaintiff could enforce its specific performance.

3. SAME—SUBSEQUENT BIRTH OF CHILD.
    Where decedent contracted to give plaintiff a child's share in his estate, the subsequent birth of decedent's child did not affect plaintiff's rights, except to divide the share which she would otherwise have received.

Action by Neva C. Healy against Dorus Healy, as administrator of the estate of Joshua Healy, deceased, and others. Judgment for plaintiff.

Thomas Raines, for plaintiff.
F. C. Peck, for defendants.

DWIGHT, J. The issues in this action having been tried before me without a jury at the above term, and subsequently submitted,

---

[1] For opinions on motion for new trial and appeal, see 66 N. Y. Supp. 741, 927.

I do make and file the following decision, with a concise statement of the grounds thereof: The action is to obtain specific performance of an oral agreement on the part of the deceased, Joshua Healy, to give to the plaintiff the share of a child of his own in his estate. The making of the agreement is established beyond question. The deceased was an intelligent farmer of Steuben county, possessed at the time of the agreement of a considerable estate. He was childless, of about the age of 45 years, when the father of the plaintiff, a brother-in-law of his own, died in an adjoining county, leaving his widow destitute, and the plaintiff, then an infant of two years, dependent upon her. Mr. Healy attended the funeral, and at that time proposed to the widow to give her child to him, which she declined to do. Six months later, finding her unaided efforts insufficient to provide support for herself and her child, she was willing to reconsider Mr. Healy's proposition, and wrote to him to that effect. He answered, renewing his proposition, but insisting that if he took the child the mother must give her up entirely and finally; that he would take her only as his own in all respects. The mother soon after took the child to Mr. Healy's house, and there, as the undisputed and altogether credible evidence shows, the contract was made, definite, unequivocal, inexorable, of sacrifice and self-renunciation on the part of the mother, and of obligation on the part of Mr. Healy. On her part, to surrender the child absolutely to his custody and control; to visit her only infrequently, and then to refrain from words or acts of endearment; never to disclose to her the relationship existing between them, but to be known to her only as a distant and indifferent relative. On his part, to care for and maintain the child as his own; to give her his name; to teach her to know him and his wife as her parents; to call them "father" and "mother," and to know no others; to do by her in all respects as his own child; and, finally, to provide for her future by giving to her the share of an own child in his estate. Such was the contract. It was definite and certain in the respect to which this action relates. It was on abundant consideration. It rested wholly in parol, but it was taken out of the statute of frauds by full performance by both parties down to the time of Mr. Healy's death. During the period of more than 20 years the mother acquiesced in the surrender of the child, with all the hard conditions which the contract imposed, and Mr. Healy was equally true to the obligations which were laid upon him. He and his wife, till the latter died, were father and mother to the plaintiff, and she was to them a dutiful child. After the death of his first wife, Mr. Healy married again, the defendant Julia C. Healy, who survives him; and the same amicable relations were maintained between the new mother and the daughter as existed between the daughter and the former wife, until the death of the father, and, indeed, so far as appears, until this day, except for the issues raised by this action. A daughter was born of the second marriage, who is now about 5 years old and appears in this action as the defendant Anna C. Healy. Joshua Healy died in July, 1897, intestate, leaving his widow and the child Anna, his only next of kin and heirs at law, and having made no

disposition in any manner of any portion of his estate for the benefit of the plaintiff. He died seised of the real property described in the complaint, and possessed of personal property at least sufficient to pay all his debts and the expenses of administration. The defendant Dorus Healy has been appointed and is acting as administrator of his estate.

I know of no reason why the plaintiff should not have the relief demanded in her complaint. The birth of the child of the second marriage can have no effect upon the rights of the plaintiff, except to divide the share of the estate which the latter would otherwise have received. The promise to give to the plaintiff the share of a child in the estate which the promisor should leave was, of course, to be interpreted in view of the situation which should exist at the time of his death. If he should leave a widow, such share would be subject to the right of dower. Should he leave another child or children, the estate must be shared equally with them. The provision of the contract in this respect was entirely definite, though the relative value of the share which the plaintiff should take could be determined only at the death of the promisor. No inequity is done to the after-born child by enforcing the promise made for the benefit of the plaintiff, any more than if her rights had been those of an own sister. I believe that all the questions raised by the defendants in this case are to be answered in favor of the plaintiff upon long-established principles of equity which are recognized in the late adjudications of Gall v. Gall, 64 Hun, 601, 19 N. Y. Supp. 332, affirmed in 138 N. Y. 675, 34 N. E. 515, and Gates v. Gates, 34 App. Div. 608, 54 N. Y. Supp. 454.

Upon the grounds above briefly stated, I find and decide that the plaintiff is entitled to judgment for the specific performance of the agreement set forth in the complaint, adjudging that she is the owner of an equal undivided one-half of the real estate of which Joshua Healy died seised, subject to the dower right of the defendant Julia C. Healy, and that she is entitled to one-third part of the personal property of Joshua Healy, which shall remain after payment of the debts and expenses of administration of his estate, and that the defendant Dorus Healy, as administrator, account for and pay over to her such share of said personal property, if any shall so remain. And I direct that judgment be entered accordingly, without costs of this action to either party as against another.

Judgment accordingly, without costs.