(59 App. Div. 522.)

## HAMLIN v. STEVENS et al.

(Supreme Court, Appellate Division, Fourth Department.   March 12, 1901.)

WITNESS—COMPETENCY—TRANSACTION WITH DECEDENT.

> Where, in a suit against an executor, it was in issue whether testator, while visiting the home of plaintiff's parents at a certain time, contracted with them that, in consideration of plaintiff's going to live with decedent, plaintiff should share in decedent's estate, it was error to refuse to allow plaintiff to testify he had seen decedent at his mother's home at the time in question, on the ground that the testimony was incompetent, under Code Civ. Proc. § 829, as calling for a communication with one deceased.
>
> Adams, P. J., and Williams, J., dissenting.

Appeal from special term, Onondaga county.

Suit by Charles A. Hamlin, as administrator .of the estate of Lyman Stevens, deceased, against Julia E. Stevens and others.   From a judgment in favor of plaintiff (66 N. Y. Supp. 548) as against defendant Lyman A. Stevens, .he appeals.   Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

T. E. Hancock and Thomas E. Smith, for appellant.

Homer & Waldo Weston, for plaintiff respondent.

Goodelle, Nottingham Bros. & Andrews, for respondent Commercial Bank. ·

C. G. Baldwin, for respondents Julia E. Stevens and others.

LAUGHLIN, J.   This action was brought by the administrator with the will annexed of the estate of Lyman Stevens, deceased, against the heirs and next of kin of the testator, for the construction of his will.   The appellant, Lyman A. Stevens, a nephew of decedent, and a residuary legatee under the will, interposed an answer demanding a specific performance of a parol contract between his parents and decedent, by which, as a condition of his leaving home at the age of 10 years, and residing thereafter with his uncle as if an adopted son, he was to share equally with the latter's two daughters in their father's estate.   The case was tried at special term.   The evidence presented on behalf of appellant was ample, if believed, to establish a contract sufficiently clear, certain, and definite, founded upon a valid adequate consideration, and performance thereof by appellant and his parents, to authorize its enforcement by the court.   Healy v. Healy, 31 Misc. Rep. 636, 66 N. Y. Supp. 82, affirmed in 55 App. Div. 315, 66 N. Y. Supp. 927; Gates v. Gates, 34 App. Div. 612, 54 N. Y. Supp. 454; Godine v. Kidd, 64 Hun, 591, 19 N. Y. Supp. 335; Todd v. Webber, 95 N. Y. 181.   At the time it is claimed that this contract was made decedent resided at Syracuse, N. Y., and appellant lived with his parents upon a farm in Huron county, Ohio.   The principal testimony in favor of appellant on this branch of the case was given by his mother.   According to her evidence, the agreement, which was subsequently ratified by her husband, was made between her and decedent at her house on two occasions when he was visiting there; the one in the autumn of 1868, and the other in the month of January or February, 1869.   The latter of these two interviews is the more important, as it

is doubtful whether the former alone was sufficiently definite to constitute a contract enforceable in equity. This evidence was contradicted by the testimony of decedent's widow to the effect that he was at home ill in January and February, 1869, and did not go to the state of Ohio after the fall of 1868. Respondents also contend that the testimony of appellant's mother was inconsistent with a letter written by his father, and with certain letters of decedent to appellant's parents, which were received in evidence. At this stage of the proofs appellant was called to the stand, and testified, without objection or exception, that in January or February, 1869, he saw his uncle at their house in Ohio. Thereupon counsel for plaintiff objected to this evidence as incompetent, improper, and inadmissible under section 829 of the Code of Civil Procedure. The court sustained the objection, and struck the evidence out, saying that it called for a personal transaction, within the meaning of the Code. To this ruling appellant's counsel excepted. We think this evidence was competent. It was no part of any conversation or personal transaction with decedent. Cowan v. Davenport, 30 App. Div. 130, 51 N. Y. Supp. 478; Greer v. Greer, 58 Hun, 251, 12 N. Y. Supp. 778; McKenna v. Bolger, 37 Hun, 526; Id., 49 Hun, 259, 1 N. Y. Supp. 651; Pinney v. Orth, 88 N. Y. 447; Abb. Sel. Cas. Ev. 227; Boyd v. Boyd, 164 N. Y. 234, 58 N. E. 118; O'Brien v. Weiler, 140 N. Y. 281, 35 N. E. 587; Walsh v. McArdle, 78 Hun, 415, 29 N. Y. Supp. 169; Oliver v. Freligh, 36 Hun, 633; In re Brown (Sup.) 14 N. Y. Supp. 122; In re Callister, 153 N. Y. 294, 307, 47 N. E. 268; Lewis v. Merritt, 98 N. Y. 206; Wing v. Bliss (Sup.) 8 N. Y. Supp. 500. It was relevant and material as it tended to contradict the testimony of decedent's widow, and incidentally to corroborate the testimony of appellant's mother to the extent that testator was at her house, and an opportunity was afforded for the interview narrated by her. McKenna and Boyd Cases, supra; Tomlinson v. Seifert, 2 N. Y. St. Rep. 287. The decision contains a specific finding that decedent visited appellant's parents in the fall of 1868, and as to what took place between them at that time; but there was no finding that he was there again in January or February, 1869, as testified to by appellant's mother, although the decision purports to recite the entire history of events leading up to appellant's coming to live with his uncle. The court found that no contract by which appellant was to share in decedent's property was made. It thus appears that the evidence erroneously excluded had an important bearing upon the material issue in the case, and, if retained and considered, it might have induced belief in the testimony of appellant's mother as to the second interview, and have led to a finding in favor of appellant. For this error the judgment appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur, except ADAMS, P. J., and WILLIAMS, J., who dissent.