■ In the Matter of CHRISTINA NN., Alleged to be a Neglected Child. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; KIM NN. et al., Respondents. — Appeal from an order of the Family Court of Broome County

(Dickinson, Jr., J.), entered September 19, 1983, which terminated petitioner's custody of respondent's child and returned custody to respondent. Petitioner Broome County Department of Social Services commenced this neglect proceeding against respondent Kim NN. on July 13, 1983, when respondent's daughter was three days old. Petitioner alleged that respondent, who is 17 years old and unmarried, was neglectful of her child because she intended to allow the child to be privately adopted. Respondent had made contact with the prospective adoptive parents through an advertisement to a local shopper's newspaper. Prior to that, respondent had been counseled through a program operated by Catholic Charities in the City of Binghamton and had discussed placement options with her counselor. When her counselor learned that respondent was considering private adoption and had discussed the matter with the prospective adoptive parents and their attorney, she expressed her opposition to the plan to respondent. Subsequently, the counselor contacted petitioner. Petitioner took custody of the child by means of an ex parte emergency neglect petition filed pursuant to article 10 of the Family Court Act. On July 28, 1983, following a fact-finding hearing, the Broome County Family Court found the child to be a neglected child that was to have been "placed in an unknown situation" and ordered the child held in petitioner's custody pending a dispositional hearing. The court indicated that the neglect proceeding would be terminated if the adoption placement followed the requirements of section 116 of the Domestic Relations Law. On August 9, 1983, an adoption petition, agreement of adoption and affidavits of the natural parents were filed in Surrogate's Court in Kings County. An adoption examiner for that court interviewed the prospective adoptive parents, investigated their background and recommended that they be permitted to adopt the child. Following a dispositional hearing on September 19, 1983, the Broome County Family Court ordered the return of the child to respondent in contemplation of the private adoption plan. Petitioner then obtained from this court a stay of the order pending resolution of the appeal. On October 6, 1983, petitioner's motion to dismiss the adoption petition was denied in Kings County Surrogate's Court. Petitioner urges two issues for reversal on this appeal. First, petitioner contends that the dispositional order is contrary to the adoption statutes in the Social Services Law and the Domestic Relations Law because it contemplates the private adoption plan. Petitioner also contends that Family Court committed reversible error in excluding certain testimony and admitting other testimony. As to petitioner's first contention, we would note that the instant proceeding is a neglect proceeding and, as such, petitioner's arguments concerning private placement adoptions are misplaced. The Legislature has clearly provided for private adoptions and any risks inherent therein are minimized by the requirements of section 116 of the Domestic Relations Law which mandate investigatory procedures for private placement adoptions. In the instant proceeding, the preliminary investigation made by the examiner from the Kings County Surrogate's Court resulted in a favorable report on the prospective adoptive parents. We would conclude, albeit perhaps unnecessarily in the context of the instant proceeding, that the child has been properly placed out in accordance with the requirements of subdivision 2 of section 374 and subdivision 12 of section 371 of the Social Services Law and section 116 of the Domestic Relations Law. We reject petitioner's argument that the private adoption procedures constitute neglect. The interim neglect finding by the Broome County Family Court was predicated on the court's concern that the proposed adoption would not be properly supervised, but the decision indicated that the neglect proceeding would be terminated upon compliance with the statutory requirements for a private adoption. After the dispositional hearing, the Broome County Family Court impliedly sanctioned the private adoption

plan by returning custody of the child to respondent. A natural parent cannot be deprived of custody absent clear and convincing evidence of neglect (*Santosky v Kramer,* 455 US 745; *Matter of Bennett v Jeffreys,* 40 NY2d 543). As to petitioner's contention that its supervisor's testimony about agency adoption procedures was improperly excluded, we would reiterate that this was a neglect proceeding. Testimony on different adoption practices was not probative of the issues before the court and objections to such testimony as immaterial were therefore properly sustained (see Richardson, Evidence [10th ed], § 4, pp 2-4). Order affirmed, without costs. Sweeney, J. P., Kane, Casey, Mikoll and Weiss, JJ., concur.