■ WILLIAM ISELIN & CO., INC., Appellant-Respondent, v CONTINENTAL INSURANCE COMPANY, Respondent-Appellant. — Order, Supreme Court, New York County (David Edwards, J.), entered August 10, 1983, granting defendant's motion for a protective order vacating plaintiff's CPLR 3120 documents request, reversed, on the law, the facts and in the exercise of discretion, and defendant's motion for a protective order denied, without costs or disbursements. Order of the same court (Tyler, J.), entered January 3, 1984, denying plaintiff's motion to take the depositions of two nonparty witnesses pursuant to CPLR 3101, 3108 and 3111 (with leave to renew after the determination of the appeal of the above order), which order also denied defendant's cross motion for a protective order (with leave to renew after determination of the appeal of the above order) seeking to vacate plaintiff's notices of deposition of defendant seeking production of specified individuals, modified, on the law, the facts and in the exercise of discretion, to grant plaintiff's motion to take the depositions of the nonparty witnesses, to deny defendant's cross motion for a protective order with prejudice and otherwise affirmed, without costs or disbursements. ¶ The decision order entered August 10, 1983 granting defendant's motion for a protective order and vacating plaintiff's documents request stated no reasons for its action. We find that the document request is neither overbroad nor is it irrelevant. Indeed the defendant is in no position to argue persuasively to the contrary. It itself made reference to the documents sought to be discovered as supporting evidence on a motion for summary judgment. Nor do we find persuasive defendant's argument that Special Term, on the motion for summary judgment, rendered the documents irrelevant for the reason that Special Term held that the bond, upon which this action is based, is unambiguous in its terms. First, we find no such holding by Special Term. Second, a motion denying summary judgment cannot bind the admission of evidence. For similar reasons, plaintiff is entitled to depose the nonparty witnesses. Defendant has used its evidence for its own support on a prior motion and it has not been rendered inadmissible by any finding that the bond is unambiguous in its terms. Concur — Murphy, P. J., Sullivan, Lynch, Milonas and Alexander, JJ.