■ BONNIE KWOH, Appellant, v DELUM BUILDERS & SUPPLIERS, INC., et al., Respondents.—Order, Supreme Court, New York County (Lawrence Kahn, J.), entered May 1, 1990, which, *inter alia,* granted defendants' motion *in limine* for an order precluding certain evidence at trial pursuant to CPLR 4519, unanimously affirmed, without costs.

Plaintiff brought an action alleging, among other things, breach of contract, conversion and breach of fiduciary duty against her aunt, defendant Catherine L. Ho, who sold all of the outstanding stock of defendant Delum to defendant S.S.D. following the death of defendant Ho's husband (the deceased). The assets of Delum included three buildings which plaintiff's family corporation at one time owned, and in which they continue to reside. In 1978, the Kwoh's experienced financial difficulties, and sought assistance from the deceased, who, through defendant Delum, acquired the buildings at a foreclosure sale. Plaintiff claims that the deceased agreed to give her a 50% interest in Delum in exchange for a small capital contribution, and the assistance of her mother in managing the three brownstones.

Plaintiff now argues that the Dead Man's Statute (CPLR 4519) should not be applied to preclude her (and her mother) from testifying with respect to prior communications with the deceased, because the underlying action is not against the estate of the deceased, but rather, against the decedent's wife individually, for her alleged "misconduct" in selling ownership of the realty corporation following the death of her husband. To the contrary, plaintiff's testimony, being offered in derogation of the interest of a survivor of the deceased, who derived her interest in the corporate assets "from, through or under" the decedent, is barred by the statute *(Apple Corps v Adirondack Group,* 124 Misc 2d 351). Further, plaintiff's mother is a "person" "interested" in the outcome of the action insofar as she stands to lose—should there be an adverse judgment— capital contributions she allegedly made at the time of the foreclosure purchase, as well as her family's continued occupancy of one of the brownstones *(see generally, Matter of Manchester,* 279 App Div 254).

Plaintiff contends that the laws of the State of California should govern the instant proceeding, as the decedent's estate is subject to probate in California. We disagree. The property is located in New York *(Plum Tree v Winston Corp.,* 351 F Supp 80), the action was brought in New York *(Matter of Cepeda [Cohane],* 233 F Supp 465) and the transactions underlying the foreclosure sale took place in New York. Concur— Murphy, P. J., Sullivan, Ellerin, Ross and Rubin, JJ.