■ BELLE ENDERVELT et al., Appellants, v EDWARD N. SLADE et al., Respondents. [625 NYS2d 210] —Order, Supreme Court, New York County (Edward Lehner, J.), entered November 2, 1994, which, *inter alia,* determined that plaintiffs were precluded from testifying as to any affirmative action taken by the deceased Aleck Slade concerning a personal communication or transaction with them, or to any "negative facts" in order to establish a claim of fraud against the decedent's estate, that the burden of proving that the actions were instituted within the two year discovery period of CPLR 213 (8) and 203 (g) remained with plaintiffs, and that the continuous representation doctrine did not toll the Statute of Limitations in plaintiffs' actions for fraud after the date of its discovery, unanimously affirmed, without costs.

It was not error for the trial court to consider the exclusionary effect of CPLR 4519 for the first time on an *in limine* application, as the issue was not subject to consideration on the previous motion for summary judgment *(Phillips v Kantor & Co.,* 31 NY2d 307; *Tancredi v Mannino,* 75 AD2d 579). Plaintiffs were properly barred from testifying about any personal communications or transactions with their deceased

brother, including negative testimony or documents regarding such communications or transactions *(see, Boyd v Boyd,* 164 NY 234; *Matter of Hamburg,* 151 Misc 2d 1034), and to the extent that plaintiffs are seeking to recover from the decedent's estate, his heirs and assigns, such defendants are proper parties to invoke the protection afforded by the statute *(see, Kwoh v Delum Bldrs. & Suppliers,* 173 AD2d 326). In addition, while an attorney seeking to avail himself or herself of a contract with a client has an affirmative duty to demonstrate that his or her dealings with the client are free from fraud *(see, Greene v Greene,* 56 NY2d 86, 92), this does not alter plaintiff's burden of proof on the Statute of Limitations issue as to when the purported fraud was discovered.

We have considered plaintiffs' remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Wallach, Asch and Williams, JJ. *[See,* 162 Misc 2d 975.]