■ KATHY CASTER et al., Appellants, v INCREDA-MEAL, INC., Respondent. (Appeal No. 1.) [661 NYS2d 568] —Appeal unanimously dismissed without costs (*see, Matter of Laborers Intl. Union v Shevlin-Manning, Inc.*, 147 AD2d 977). (Appeal from Order of Supreme Court, Onondaga County, Tormey, III, J.—Dismiss Complaint.) Present—Green, J. P., Pine, Callahan, Balio and Boehm, JJ.

■ KATHY CASTER et al., Appellants, v INCREDA-MEAL, INC., Respondent. (Appeal No. 2.) [661 NYS2d 125] —Judgment unanimously affirmed without costs. Memorandum: After defendant terminated plaintiff Robert Barnello from his position as plant manager and plaintiff Kathy Caster from her position as personnel director, plaintiffs commenced this action alleging causes of action for wrongful termination, COBRA and Labor Law violations, conversion and fraud, and seeking punitive damages. Supreme Court granted in part defendant's motion for summary judgment, dismissing all causes of action except those for fraud and conversion and refusing to dismiss the claim for punitive damages. Plaintiffs allege that defendant failed to pay funds deducted from plaintiffs' wages to defendant's medical insurance carrier and "knowingly made false statements to [plaintiffs] regarding [their] payroll deductions". Plaintiffs further allege that defendant wrongfully deducted funds from plaintiffs' wages for "purposes not authorized by plaintiffs".

Before trial, defendant brought a motion *in limine* seeking to preclude plaintiffs from offering evidence, *inter alia,* that defendant terminated plaintiffs; that defendant made improper deductions from other employees' wages; and that defendant was unable to obtain alternative insurance coverage after its employee health insurance policy was cancelled. The court granted the motion *in limine.* At the close of plaintiffs' case, the court granted defendant's motion for a directed verdict and dismissed the complaint. We affirm.

The court did not abuse its discretion in granting defendant's motion *in limine* with respect to plaintiffs' termination from employment. The causes of action for fraud and conversion are based on defendant's alleged false statements regarding payroll deductions and defendant's alleged wrongful deduction of health insurance premiums from plaintiffs' wages. Evidence that plaintiffs were terminated is irrelevant to those issues. Further, to the extent that evidence of plaintiffs' termination may have been marginally relevant to show defendant's intent to defraud, it was properly excluded because of its significant potential to unduly prejudice defendant and because it was not "centrally relevant to issues in substantial dispute" (*Kish v Board of Educ.*, 76 NY2d 379, 385; *cf., Harris v Palitz*, 213 AD2d 156). Finally, while evidence relating to the loss of plaintiffs' jobs may have been relevant in assessing plaintiffs' damages, plaintiffs failed to prevail on the liability portion of the trial. Therefore, plaintiffs have not been prejudiced by the preclusion of that evidence.

The court also properly precluded evidence regarding defendant's alleged improper deductions from other employees' wages. Although the complaint alleges that defendant failed to transmit to "government officials" child support payments deducted from its employees' wages and failed to pay funds to transmit deducted funds to credit unions, plaintiffs do not claim that defendant made such deductions from *their* wages. The fact that defendant may have made improper deductions from other employees' wages is not relevant to the issue whether defendant possessed fraudulent intent with regard to the deductions it made from plaintiffs' wages or whether defendant converted plaintiffs' wages (*see generally, Matter of Christina NN.*, 98 AD2d 894, 896, *lv denied* 61 NY2d 605; Prince, Richardson on Evidence § 4-102 [Farrell 11th ed]). For the same reason, the court properly precluded evidence regarding the alleged inability of defendant to obtain alternative insurance coverage after its medical insurance carrier cancelled its policy. Plaintiffs' deposition testimony established that defendant of-

fered plaintiffs alternative health insurance coverage under COBRA, but plaintiffs declined that coverage. Therefore, defendant's alleged inability to obtain alternative health insurance is irrelevant.

Plaintiffs' contention that, under the doctrine of law of the case, it was error to grant defendant's motion *in limine* is without merit. The doctrine of law of the case "provides that a determination on the merits of the same point within the same litigation binds the parties and also Judges of co-ordinate jurisdiction" (*Jones v State of New York*, 79 AD2d 273, 275; *see, Martin v City of Cohoes*, 37 NY2d 162, 165, *rearg denied* 37 NY2d 817). The order denying summary judgment on the causes of action for fraud and conversion established only that the motion papers indicated that there were triable issues of fact regarding those causes of action (*see, Sackman-Gilliland Corp. v Senator Holding Corp.*, 43 AD2d 948, *lv denied* 34 NY2d 515). It did not limit the discretion of the trial court to make evidentiary rulings restricting plaintiffs from introducing evidence that was either irrelevant or marginally relevant but unduly prejudicial (*see, Endervelt v Slade*, 214 AD2d 456; *Siewert v Loudonville Elementary School*, 210 AD2d 568; *Iselin & Co. v Continental Ins. Co.*, 101 AD2d 720). (Appeal from Judgment of Supreme Court, Onondaga County, Tormey, III, J.— Dismiss Complaint.) Present—Green, J. P., Pine, Callahan, Balio and Boehm, JJ.