■ DERFNER MANAGEMENT, INC., Respondent, v LENHILL REALTY CORP et al., Appellants. [933 NYS2d 671]—

On appeal, defendants argue that the motion court abused its discretion in limiting discovery to a seven year period measured from the allegations in the complaint. Defendants contend that the statute of limitations was an inappropriate tool to limit discovery because of plaintiff's status as a fiduciary, with a duty to account. Defendants also argue that the pre-2004 records are a part of, and shed light on, the self-dealing carried out by plaintiff within the statutory period and, thus, are relevant to this action. However, defendants failed to establish that they could not, with reasonable diligence, have discovered plaintiff's alleged fraud earlier (*see Lucas-Plaza Hous. Dev. Corp. v Corey*, 23 AD3d 217 [2005]; *see also Endervelt v Slade*, 214 AD2d 456, 457 [1995]). However, to the extent defendants seek their own corporate books and records, their request should be granted with no time limitation imposed. The corporate defendants clearly have a right to their own books and records. The individual defendants, as shareholders of the defendant corporations and other family corporations, have a qualified right to examine the books and records of those corporations (*see* Business Corporation Law § 624 [b] ["for any purpose reasonably related to (their) interest as . . . shareholder(s)"]). That right "is to be liberally construed" (*Matter of Bohrer v International Banknote Co.*, 150 AD2d 196, 196 [1989]). Moreover, those individual defendants who are directors or officers of the corporations have "an absolute, unqualified right . . . to inspect their corporate books and records" (*Matter of Cohen v Cocoline Prods.*, 309 NY 119, 123 [1955]). Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and DeGrasse, JJ.