Estate of Tawil v Sutton (2024 NY Slip Op 00397)

Estate of Tawil v Sutton

2024 NY Slip Op 00397

Decided on January 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2024

Before: Singh, J.P., Kapnick, Kennedy, Higgitt, Michael, JJ. 

Index No. 653633/15 Appeal No. 1560 Case No. 2022-05752 

[*1]Estate of Leon Tawil, Plaintiff-Respondent,
v
Isaac M. Sutton, Defendant-Appellant.

Cohen Tauber Spievack & Wagner P.C., New York (Stephen Wagner of counsel), for appellant.
Meltzer, Lippe, Goldstein & Breitstone, LLP, Mineola (Michael H. Masri of counsel), for respondent.

Judgment, Supreme Court, New York County (Barry R. Ostrager, J.), entered October 17, 2022, upon a jury verdict in plaintiff's favor, awarding plaintiff the total amount of $ 3,254,537, unanimously affirmed, with costs.
The trial court providently exercised its discretion in precluding the evidence and testimony that were subject to plaintiff's in limine motions (see Haynes v City of New York, 145 AD3d 603, 605 [1st Dept 2016]).
First, plaintiff moved by order to show cause to preclude defendant's "inequitable use of the illegality defense as a sword for personal gain as opposed to an equitable shield." Defendant's attempt to characterize this motion as an untimely summary judgment motion is not persuasive, particularly because plaintiff separately moved for summary judgment. Further, as plaintiff submits, New York courts regularly reject the illegality defense where the breaching party asserts it as a sword for personal gain rather than a shield for the public good, and where voiding the contract would result in the defendant receiving an undeserved windfall (see Lloyd Capital Corp. v Pat Henchar, Inc., 80 NY2d 124, 127 [1992]; Chirra v Bommareddy, 22 AD3d 223, 224 [1st Dept 2005]). Here, defendant attempted to use the purported illegality of the oral agreement as a defensive sword to procure a windfall of more than $3 million. The trial court properly precluded defendant from presenting irrelevant and prejudicial evidence regarding the purpose of the oral agreement.
Plaintiff also moved by order show cause to preclude, under the Dead Man's Statute (CPLR 4519), out of court statements purportedly made to defendant by his deceased father. The trial court should not have excluded the statements under this statute, as the "communication between the witness and the deceased person" was not sought for use "against the executor, administrator or survivor of [the] deceased person" (CPLR 4519; see Zwarycz v Marnia Constr., Inc., 130 AD3d 922, 922 [2d Dept 2015], lv denied 26 NY3d 917 [2016]; compare Glatter v Borten, 233 AD2d 166 [1st Dept 1996] [barring evidence offered to prove tenancy in units owned by estate], lv dismissed 89 NY2d 1030 [1997]; Kwoh v Delum Bldrs. & Suppliers, 173 AD2d 326, 326 [1st Dept 1991] [barring testimony "offered in derogation of the interest of a survivor of the deceased"]).
Nevertheless, exclusion of this evidence at most amounted to harmless error that did not affect the verdict. An improper ruling on an in limine motion will not affect a verdict unless there is a "reasonable probability that the entries could have affected the jury's determination" (Benavides v City of New York, 115 AD3d 518, 519 [1st Dept 2014]). At trial, the jury concluded that defendant was liable to plaintiff based on overwhelming evidence, including (1) plaintiff's transfer of funds to Blusztein, a lawyer in Israel that represented defendant; (2) defendant and Blusztein's communications regarding the funds; and (3) testimony from plaintiff's [*2]lawyer that she had dealt with defendant and Blusztein, when attempting to recover the funds.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2024