Kaye v Merchant Factors Corp.
2026 NY Slip Op 03732
June 11, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Russell Kaye, Plaintiff-Appellant,
v
Merchant Factors Corp., et al., Defendants-Respondents.

Decided and Entered: June 11, 2026
Index No. 650974/24|Appeal No. 6877|Case No. 2025-04571|
Before: Kennedy, J.P., Scarpulla, Friedman, Mendez, Pitt-Burke, JJ.

Cuddy & Feder LLP, White Plains (Brendan M. Goodhouse of counsel), for appellant.
Thompson Coburn LLP, New York (Jose Fernandez of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about July 10, 2025, which granted defendants' motion to dismiss the amended complaint in accordance with CPLR 3211(a)(1) and (a)(7), unanimously affirmed, with costs.
Plaintiff, an 11.8% shareholder of defendant Merchant Factors Corp., served as a director of the corporation from 2007 through March 13, 2024. By notice of a March 13, 2024 special meeting of the corporation's board of directors, the board sought to remove plaintiff as a director under article III, section 4 of the corporation's amended bylaws on the basis of his "inappropriate, abusive and destructive behavior." The board then voted at that special meeting to remove plaintiff from his position as a director. In an amended complaint dated May 7, 2024, plaintiff sought a judgment declaring that the notice of special meeting and article III, section 4 of the amended bylaws were ultra vires and void, and that plaintiff be reinstated to the board (first cause of action). Plaintiff also sought to review the corporation's books and records (second cause of action).
Supreme Court properly dismissed the amended complaint. Article III, section 5 of the corporation's original by-laws permits removal of directors for cause "by vote of the shareholders or by action of the board." This provision is consistent with Business Corporation Law § 706(a), which provides that directors may be removed for cause by the shareholders or, alternatively, that the "specific provisions of a by-law adopted by the shareholders may provide for such removal by action of the board." Although the individual defendants serving on the corporation's board purported to remove plaintiff under a set of amended by-laws, the express text of article III, section 4 of the amended by-laws states that those provisions became effective "[s]ubject to the approval of these by-laws by Shareholder Vote," and the parties agree that no shareholder vote ever took place. However, as Supreme Court properly concluded, the failure to obtain shareholder approval of the amended by-laws left the original by-laws in effect, permitting defendants to remove plaintiff for cause under the terms of the original by-laws.
[*2]
That the notice of special meeting referred to the amended by-laws, instead of the original by-laws, did not render plaintiff's removal improper. Whether under the original or amended by-laws, the notice set forth several examples of plaintiff's objectionable behavior underlying defendants' determination to remove plaintiff for "cause," which is not defined in the original by-laws. The removal provision in article III, section 5 of the original by-laws is more expansive than the specifically tailored definition of cause in article III, section 4 of the amended by-laws because the definition of "cause" is left open in the original by-laws. Thus, because the cause for plaintiff's removal is clearly stated in the notice of special meeting, Supreme Court correctly found that removal under the original by-laws was proper.
Furthermore, the gravity of the "cause" here falls within the corporation's business judgment, requiring judicial deference in the absence of bad faith or tortious conduct by the board (see Matter of In re Kenneth Cole Prods., Inc. Shareholder Litig., 27 NY3d 268, 274 [2016]). The notice of special meeting provides ample allegations, supported by emails, reflecting the reasons justifying plaintiff's removal. Plaintiff did not specifically plead any bad faith acts or tortious conduct by defendants, and there is no basis to infer bad faith on defendants' part based on plaintiff's documented conduct (see e.g. Barbour v Knecht, 296 AD2d 218, 225 [1st Dept 2002]).
Supreme Court also properly dismissed plaintiff's cause of action for examination of the corporate books and records. In or around May 2023, before he was removed as director, plaintiff sought to review correspondence from 2016 onward "between or among any of the stockholders, directors or other insiders and the Company's counsel, accountants and/or any member of management regarding the creation or repayment of any indebtedness of the Company with stockholders, directors or other insiders and/or their affiliates." Shareholders "have a qualified right to examine the books and records" of corporations (Derfner Mgt., Inc. v Lenhill Realty Corp., 90 AD3d 434, 435 [1st Dept 2011]) under Business Corporation Law § 624(b), which allows examination of "minutes of the proceedings of its shareholders and record of shareholders," and Business Corporation Law §§ 624(e), which allows examination of "an annual balance sheet and profit and loss statement for the preceding fiscal year, and, if any interim balance sheet or profit and loss statement has been distributed to its shareholders or otherwise made available to the public, the most recent such interim balance sheet or profit and loss statement."
[*3]
When the amended complaint was filed in May 2024, plaintiff had been removed as a director of the corporation but remained a shareholder. Although as a shareholder his right to examine books and records is "to be liberally construed" (Derfner Mgt., Inc., 90 AD3d at 435), the eight years of correspondence sought by plaintiff falls outside of the parameters of the Business Corporation Law. In addition, plaintiff's request to review the books and records in the capacity of a director fails because his claim for reinstatement as a director was properly dismissed.
Plaintiff's request for leave to replead so that he can develop his allegations of bad faith by the board and clarify his books and records request, does not set forth any facts that would "correct deficiencies in the pleadings and thereby render his claims actionable" (Kocourek v Booz Allen Hamilton Inc., 71 AD3d 511, 512 [1st Dept 2010]). Accordingly, there is no basis to grant leave to replead.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2026